**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000548
28-MAR-2013
09:17 AM**

CAAP-12-0000548

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
RICHARD A. SPEER, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-11-04212)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Ginoza, JJ.)


Defendant-Appellant Richard A. Speer (Speer) appeals from the Judgment that dismissed the charges against him without prejudice. Plaintiff-Appellee State of Hawai'i (State) charged Speer in a second amended complaint with operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2012), and refusal to submit to a breath, blood, or urine test (Refusal to Submit to Test), in violation of HRS 291E-68 (Supp. 2011). The District Court of the First Circuit (District Court)[1] entered its Judgment dismissing the charges without prejudice on May 4, 2012.

---

[1] The Honorable Lono J. Lee presided over the proceedings relevant to this appeal.

On appeal, Speer contends that the District Court erred in granting his motion to dismiss based on Hawai'i Rules of Penal Procedure (HRPP) Rule 48 (2000), which he had withdrawn, and instead should have sua sponte dismissed the case on "jurisdictional grounds" because the OVUII charge was deficient. He further contends that the District Court erred in failing to dismiss the case with prejudice. The State argues that the District Court did not dismiss the OVUII charge for violation of HRPP Rule 48, but because the charge was deficient under State v. Nesmith, 127 Hawai'i 48, 276 P.3d 617 (2012), for failing to allege a mens rea. The State further argues that based on Nesmith, the proper remedy was to dismiss the OVUII charge without prejudice. We agree with the State and affirm the District Court's Judgment.[2]

I.

Speer was arrested on September 3, 2011, and the State filed its second amended complaint on October 4, 2011. On May 1, 2012, Speer filed a motion to dismiss the case with prejudice for violation of the speedy trial time limits set forth in HRPP Rule 48. However, on May 3, 2012, Speer withdrew his motion to dismiss based on HRPP Rule 48. In withdrawing the motion, Speer asserted that "at present, the complaint filed against Mr. Speer is defective" and that he wanted to evaluate his options after the District Court ruled on the State's motion to amend its complaint. On May 4, 2012, the State filed a motion to amend its complaint, which requested that it be permitted to add a mens rea allegation -- that the defendant acted "intentionally, knowingly[,] or recklessly" -- to the OVUII charge. The State asserted that it was seeking the amendment "to comport with the [Hawai'i Supreme Court's] recent decision in State v. Nesmith[.]"

_____

[2] Both parties focus their arguments on the OVUII charge and do not separately address the Refusal to Submit to Test charge. We therefore do not address the District Court's dismissal of that charge. We simply note that like the OVUII charge, the Refusal to Submit to Test charge did not allege a mens rea.

2

On May 4, 2012, a hearing was held before the District Court. At the hearing, the State served Speer with its motion to amend. Speer advised the District Court that he had withdrawn his motion to dismiss the case pursuant to HRPP Rule 48 because he was waiting to see whether the District Court would permit the State to amend its complaint. Speer argued that he believed the District Court "is without jurisdiction" and that the State was precluded from amending its complaint, citing Nesmith and other recent decisions of the Hawai'i Supreme Court holding that OVUII charges that had been challenged on appeal were defective. The State asserted that the HRPP Rule 48 time limit had not yet run. The District Court responded, "Before we even get to Rule 48, okay, is the State ready to proceed today?" The State acknowledged that it was not ready for trial.

After discussing a discovery matter and confirming that the State was not ready for trial, the District Court stated: "Motion to Dismiss granted without prejudice. Bail to be returned." In response, Speer stated that he had withdrawn his motion to dismiss based on HRPP Rule 48 and asked that the dismissal be "sua sponte." He also requested that the dismissal be with prejudice due to the delay caused by the actions of another District Court Judge in not deciding Speer's pending motions and the State not being ready for trial. The District Court responded, "Okay. Thank you. You've made your record."

II.

Based on our review of the record, we conclude that contrary to Speer's contention, the District Court did not dismiss the case pursuant to HRPP Rule 48, but instead dismissed the case based on Nesmith, because the OVUII charge failed to allege a mens rea. The District Court was aware that Speer had withdrawn his motion to dismiss pursuant to HRPP Rule 48. In addition, HRPP Rule 48(b) does not provide for sua sponte dismissal by the court, but authorizes the court to dismiss "on motion of the defendant[.]" Viewed in context, the record indicates that the District Court denied the State's motion to

amend the complaint, agreed with Speer's claim that the OVUII charge was defective, and dismissed the second amended complaint based on Nesmith.

Because the District Court did not dismiss the case pursuant to HRPP Rule 48, Speer's arguments that are premised on his claim that the District Court erred in basing its dismissal on HRPP Rule 48 are without merit. We also reject Speer's claim that the District Court erred in dismissing the case without prejudice. The Hawaiʻi Supreme Court has held that dismissal without prejudice is the appropriate remedy where a charge is dismissed for failing to allege the required mens rea. See State v. Gonzalez, 128 Hawaiʻi 314, 324, 288 P.3d 788, 798 (2012), citing Nesmith, 127 Hawaiʻi at 54, 276 P.3d at 623.

III.

We affirm the District Court's Judgment dismissing the case against Speer without prejudice.

DATED: Honolulu, Hawaiʻi, March 28, 2013.

On the briefs:

Richard L. Holcomb
(Holcomb Law, LLLC)
for Defendant-Appellant

Donn Fudo
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

*Daniel R. Foley*
Associate Judge

*[signature]*
Associate Judge

4